# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DEWEY AUSTIN BARNETT,           ) | |
|             ) | |
|  Plaintiff,      ) | |
|             ) | |
| v.           ) | No. 4:26-CV-00088 RHH |
|             ) | |
| JUDGE BRENDA STACEY,   ) | |
|             ) | |
|  Defendant.     ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff Dewey Barnett's complaint and motion to proceed in forma pauperis. [ECF Nos. 1 and 2]. For the reasons explained below, the Court will deny plaintiff's motion and give him 21 days to pay the $405 filing fee.

Plaintiff is incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. He filed the instant complaint on January 21, 2026, against Brenda Stacey, Circuit Court Judge in Jefferson County, Missouri.

Plaintiff alleges that Judge Stacey denied him due process and the right of access to courts after the Missouri Court of Appeals remanded his criminal case for resentencing in May of 2025. He claims that Judge Stacey failed to procure a waiver of counsel when his appellate attorney was released after remand, and she failed to provide him "a fair and impartial hearing." Plaintiff further complains that Judge Stacey "became deliberately indifferent when Plaintiff attempted to object to the proceedings." Plaintiff seeks monetary relief in this action.

Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h) and is subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v.*

*Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has, while incarcerated, brought at least 3 civil actions that were dismissed for failure to state a claim upon which relief may be granted. *See Barnett v. Fox, et al.*, No. 4:25-cv-00307 SPM (E.D.Mo. May 13, 2025); *Barnett v. Fox*, No. 4:25-cv-01206 JSD (E.D. Mo. Aug. 27, 2025); and *Barnett v. Hill, et al.*, No. 1:25-cv-00167 JMB (E.D. Mo. Oct. 8, 2025). As a result, this Court cannot grant him leave to proceed in forma pauperis unless his complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it does not show that Plaintiff is under imminent danger of serious physical injury. Plaintiff's allegations against Judge Stacey and her alleged violations of his civil rights do not establish imminent danger. As a result, this Court is unable to grant Plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). Thus, the Court will deny Plaintiff's motion and give him 21 days to pay the $405 filing fee.[1]

---

[1] Even if Plaintiff pays the $405 filing fee, the Court is required to review this action, preservice, pursuant to 28 U.S.C. § 1915A for frivolousness, maliciousness and for failure to state a claim. As currently pled, Plaintiff's claims against Judge Stacey fail to state a claim upon which relief may be granted because she is entitled to judicial immunity from this lawsuit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when a judge is accused of acting maliciously or corruptly. *Pierson v. Ray,* 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

**Plaintiff's Motion for Appointment of Counsel**

Although the Court has denied Plaintiff's motion to proceed in forma pauperis, it will address Plaintiff's motion for appointment of counsel. After reviewing Plaintiff's motion for counsel, the Court will deny it without prejudice at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within 21 days of the date of this Order. Plaintiff's failure to timely pay the $405 filing fee will result in the dismissal of this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time without prejudice**.

Dated this 23rd day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE